WILLIAM ILLINGWORTH

*v.*

D. C. GREENLEAF.

The admission of immaterial evidence, if it work no harm, furnishes no ground for a new trial.

In an action for the conversion of a large number of old watches, testimony as to their average value is competent.

This action was for the conversion of certain property, consisting of silver watches and silver watch cases, and one gold watch case, belonging to the plaintiff. The answer denied the allegations of the complaint, and set up two counter claims arising upon contract; to which the plaintiff replied, denying the same. The cause was brought to trial, before a jury, at a general term of the Ramsey County District Court. During the trial, the defendant was allowed to withdraw his counter claims. It appeared on the trial, that the plaintiff and defendant were both watchmakers and jewelers, doing business in St. Paul, each keeping a store, and that the parties had been acquainted some ten years. It was also proven that the defendant purchased the property from a son of the plaintiff, and paid him for the same, who appropriated the money to his own use; and the defense relied upon was, that the son was the agent of his father, the plaintiff, in the sale of the property. It was shown that the plaintiff had a large number of old silver watches, which were in a box under a counter in his store, and that the property sold by the plaintiff's son to the defendant was taken from this box. On the trial, the plaintiff testified as to the value of the property, as follows:

"I had from ninety-five to one hundred [watches] in that box alone; they were worth from $3.50 to $9.00 or $10.00 average value."   *   *   *

The defendant's counsel objected to any testimony as to the average value of the watches, as incompetent, immaterial and irrelevant, before the same was introduced, and insisted that plaintiff must show the value of each specified item claimed; the objection was overruled, and the defendant duly excepted. It was also shown that the old watches sold to defendant contained the movements, and that nothing was allowed for the movements, the cases being purchased for old silver.   Plaintiff also offered to show that it was a well known custom among dealers in old watches, to remove the movements before offering such watches for sale, with a view to show that the offering the watches in question, for sale, with the movements in, by the boy, was a circumstance calculated to excite suspicion, and set the defendant on his guard as to the boy's authority to sell.   Defendant's counsel objected to the evidence as incompetent, irrelevant and immaterial.   Objection overruled and evidence admitted, and defendant excepted. It was also shown that the defendant's son was employed about his father's store in doing errands, &c., and had sometimes made some small purchases for his father, some of them of the defendant, and sometimes with money furnished him for that purpose, and other times without the money, but that the father had never sent articles by the boy to be disposed of to any one.

The court charged the jury, among other things, as follows: *   *   *   "That there was no evidence in this case, that the boy had ever been employed by his father to sell goods out of the store, or that he had ever so sold goods with the knowledge or consent of his father.   *   *   * · The evidence shows that the boy was the agent of the father for certain purposes, like going of errands, and in making small purchases, but when he undertook to sell his father's watches, he left the line

of his employment, and his act was unauthorized.    *    *    *
There is no evidence in the case showing ratification of the
act of the boy in the sale of the watches."

The defendant's counsel requested the court to charge the
jury: 1st. "That if a party does not disavow the acts of a
person assuming to act as his agent, as soon as he can after
they come to his knowledge, he makes such acts his own, and
is bound by them."

2d. An adoption of the agency in part, adopts it in the
whole, because a principal is not permitted to accept and con-
firm so much of the contract made by one purporting to be
his agent, as he shall think beneficial to himself, and reject the
remainder." The court read said first request to the jury, and
stated "that it was a general rule that a party was required to
disavow the acts of a pretended agent, but it must appear
that he knew that the person assumed to be the agent, and
that the disavowal was necessary to the protection of the
other party." And as to the second request, the court charged
"that the principle therein stated is correct, limiting it, how-
ever, to the same transaction." The defendant's counsel ex-
cepted to the charge that there was no evidence of agency or
ratification, and to the refusal to charge as requested, and to
the modification of such requests, as given to the jury. The
jury rendered a verdict for plaintiff, and defendant's counsel
immediately gave notice of motion for a new trial, upon the
ground stated in the statute.    *    *    *

The motion was made and denied, and from the order deny-
ing the same, defendant appeals to this court.

MORRIS LAMPREY, for Appellant.

I.   The court erred in admitting evidence as to the *average*
value of the watches in controversy.

II.   The court erred in excluding all testimony in support
of the second counter claim set up in the answer, because the

same·was connected with the subject of this action, and arose out of the same transaction. 7 Abbott's Pr. Reports, 371, Comp. Stats. 541, Sec. 57; 11 Abbott's P. Rep. 387; 21 How. P. R. 190; 6 Minn. 420.

III. The court erred in excluding all evidence of the first counter claim set up in the answer, because the plaintiff alleges in the complaint that he had demanded payment for the watches ·of said defendant, and sought to recover the value thereof with interest in this action. He therefore waived the tort, and brought his action, *ex contractu*, to recover what they were worth. He does not allege tort. 6 Minn. 319; Ib. 420; Ib. 503; 4 T. R. 216; 3 Pick. 495.

IV. The court erred in admitting the evidence adduced to show a custom among dealers in the sale of old watches.

V. The court erred in charging the jury that there was no evidence in this case of the ageney of the boy, or of the ratification by his father, the plaintiff, of the acts of his son and clerk, as his agent in the sale of these watches. For rendering a bill for the watches, and demanding payment for them, promising to pay the defendant for the watch returned, and holding the boy out to the defendant and to the public for years as his employee or clerk in his father's shop, and usual place of business; sending him to buy goods for him, both for cash and on credit, and settling bills so incurred, in the same class and kind of business; and the manner in which these watches were offered by the boy, stating at the same time, that his father had sent him, were all facts and circumstances to be left to the jury, as competent and tending to show an adoption and ratification of the sale of the watches, and of the acts of the boy as the agent of his father. "If there are peculiar relations between the parties, such as that of father and son, the presumption of ratification will become more vehement." Story's Agency, Secs. 256, 257, 259.

VI. The court erred in refusing to charge the jury as requested by the defendant's counsel. 1 Pars. Con. 46; Serg. & Rawle, 27; Paley's Agency, 172.

VII. The evidence is wholly insufficient to justify the verdict in this case.

George L. Otis, for respondent.

The testimony as to the average value of the watches was proper.

The material question was, what was the value of the whole lot taken, and the value of each separate watch was wholly immaterial except so far as it went to make up this aggregate value. This aggregate value can be ascertained by finding the value of each separate watch and adding these values together, or by finding the average value of the lot, and multiplying it by the number. By either process we arrive at the same result, and which process is used must be wholly immaterial. The evidence objected to itself shows that there is no weight to the objection.

1. The counter claims were properly rejected, neither one of them coming under either of the subdivisions of Sec. 71, p. 541, Comp. Stat.

This action is founded on tort, not on contract, while both counter claims are contracts.

2. The counter claims were both withdrawn.

Thereby the appellant waived all right to insist on a new trial by reason of their exclusion. If a new trial were granted he could not introduce them, for he has voluntarily disconnected them from the present action.

3. Though there was error in excluding one or both of them, the Court would affirm the judgment below on our remitting the amount of the counter claims thus improperly excluded.

The Court below committed no error in admitting the evidence of custom among dealers.

One theory assumed by appellant and argued to the jury,

was that he had bought the watches in good faith, honestly believing that the boy was his father's agent in the transaction. Any circumstance showing the transaction unusual, or out of the ordinary course of business among dealers, would go directly to this point, and rebut any presumption of agency. Suppose, for instance, there had been other unusual circumstances in the case, as that the boy had taken the watches to the appellant in the night time, out of business hours, or at his residence; or suppose he had offered a fine jewelled watch for the mere value of the case only, would not such evidence be admissible, and upon the same principle?

It is true, perhaps, that the respondent's other evidence made it sufficiently apparent that the appellant had no right to believe that the boy was doing a legitimate act for his father. This evidence being directed to the same point, was, perhaps, needlessly redundant, still it was clearly admissible in the discretion of the court.

4. The court committed no error in charging the jury. The errors complained of are as to the agency of the boy, and the ratification by the father. The court rightly charged that there was no evidence of either agency or ratification.

1. As to agency, if any existed, it must be either express or implied. It is not claimed there was anything like an express agency. What facts in the case show anything like implied authority in the boy to sell his father's watches? The appellant himself testified that he never bought anything of the boy before this transaction, and never knew of his being entrusted with anything to sell. Where, then, is the course of business or previous acts, recognized by the father, from which agency can be implied? 1 Am. Leading Cases, p. 550.

2. As to the ratification of this particular act of the boy, where is the evidence of it?

The appellant relies upon the fact that the father presented a bill of the property, and demanded payment of the value. This was an express *repudiation* of the boy's act, instead of

a *ratification.* The boy had sold the property and received full payment. Nothing was due on the boy's contract. How, then, could this demand of the full value of the property already paid for to the boy be construed a ratification of the boy's act?

3. There was no error, clearly, in charging the jury as in the respondent's 7th request, that the boy's act in selling his father's watches was unauthorized. If the boy could sell his father's watches, he could sell his father's store or farm. The filial relation hardly carries with it such consequences.

V. The modification of the appellant's first request, that there must be knowledge of the assumed agency, as well as occasion for the disavowal, was clearly proper. The pertinency of the request at all is doubtful, for the appellant had actually sold the watches before the respondent knew they were stolen, and it is not pretended that the appellant was injured or prejudiced by any delay on the part of the respondent in disavowing the act. If the request was proper, the modification clearly was. The appellant's second request was charged as requested, and hence no error can be assigned on it.

VI. The right of the respondent to pursue his property, and recover it or its value as against any person, whether purchaser in good faith or otherwise, is clear and undoubted. *Everett v. Coffin,* 6 Wend. 603; *Hoffman v. Carrow,* 22 Wend. 285.

*By the Court*—Berry, J.—The complaint in this action charges the appellant with having converted to his own use, certain personal property of the respondent, and with having refused to return or pay for the same on demand made. The value of the property is claimed as damages, with interest thereon from the date of the demand. The complaint is then in substance, the common law declaration in trover, and the action sounds in tort. It follows that the account for goods

vol. xi.—16

sold and delivered, which was undertaken to be set up by the appellant as a counter-claim, was properly ruled out. As to the other matter of counter-claim, to-wit, the gold watch case for which it is claimed that the respondent agreed to pay, this was also properly rejected unless it was "*connected with the subject of the action*," as provided in Subd. 1, Sec. 71, page 541, Pub. Stat. The subject of this action is the conversion of certain personal property of which the gold watch case in question is not a part, so that even if the alleged agreement to pay for the same rested on a valid consideration, it is difficult to see how or where it is connected with the subject of the present action. Besides, as both counter-claims were withdrawn by the appellant in the course of the trial, and so taken out of the case, it is difficult to see how any ruling which had been made with regard to them, could possess practical importance. As to the objection that the testimony in regard to the average value of the watches and watch cases was "incompetent, immaterial and irrelevant," it is obvious that competent testimony as to the value of the converted property, was both material and relevant, and we think this was competent. The object was to inform the jury what the value of the property was, and this might be done, and well done, by evidence of the average value of the articles composing that property. Nor could the adverse party suffer injury, for if he was dissatisfied with the average testified to, it was his privilege to analyze the process by which this average was arrived at, on cross-examination. Whether the evidence offered to establish a custom among dealers in gold watches, to take out the movements and sell the cases alone, was properly received or not, is unimportant. The only object or effect of this evidence, was to show that the unusual manner in which the watches were offered for sale by the respondent's son, ought to have aroused suspicion, and to have rebutted any presumption that he was acting for his father in the premises. But there was no evidence whatever, tending to show that the

son was his father's agent for the purpose of any such transaction as the sale of these watches, so that the proof of the custom was entirely unnecessary.   However, as we are unable to perceive how any harm could have resulted to the appellant from its admission, such admission, even if unnecessary and improper, would furnish no ground for a new trial.

We find no error in the charge to the jury.   There was no evidence in the case tending to show agency, express or implied, on the part of the respondent's son, to transact business of the kind in question, for his father, and so far from any ratification of the acts of the son, the fact of a demand of the watches or their value, followed up by the bringing of this action, amounts to a positive disavowal.   It was proper to charge accordingly.

The modifications by the judge of the requests to charge made by the appellant, were so obviously correct, that it is hardly necessary to refer to them.   We cannot say that the evidence was insufficient to justify the verdict.   Order refusing a new trial affirmed.